Weygandt, C. J.
The petitioner is in custody by reason of the fact that the Grand Jury of Sandusky County has returned three indictments against him for the offenses of sodomy, incest and carnal knowledge of a female under the age of 16 years.
In each case the petitioner on August 26, 1957, entered pleas of not guilty and not guilty by reason of insanity.
After the entry of the petitioner’s pleas of not guilty by reason of insanity, the Court of Common Pleas entered an order committing him to the Toledo State Hospital for. observation for a period of not to exceed 30 days, in conformity with the provisions of Section 2945.40, Revised Code, reading in part as follows:
“In any case in which insanity is set up as a defense, or in which present insanity of the accused is under investigation by a court or jury, the court may commit the defendant to a local hospital for the mentally ill, or the Lima State Hospital, where the defendant shall remain under observation for such time as the court directs hot exceeding one month. * *
Although this statute obviously was enacted for the benefit of individuals charged with crime and about to be placed on trial, the petitioner’s first contention is that he can not be committed for observation at this time because twice during previous years he was ordered committed by the Court of Probate and was found mentally ill. The last occasion was approximately five years ago. But for some reason he was not taken to the state hospital although the last order still stands. And, although he now insists that he is presently sane, he contends that the order of the Court of Probate deprives the Court of *298 Common Pleas of jurisdiction to proceed under the quoted provisions of Section 2945.40, Revised Code, and have him placed under observation to determine whether he is now sane and hence can be placed on trial. He insists that he is entitled to a judicial inquiry instead of being committed for observation.
This court finds nothing in the statute to sustain the petitioner’s contention. He still insists, as he has the right to do, on relying on his defense of not guilty by reason of insanity, but as long as he so insists he can not be heard to complain when the Court of Common Pleas proceeds under the clear authority expressly granted “in any case in which insanity is set up as a defense.”
The petitioner relies on the decision of this court in the case of State, ex rel. Smilack, v. Bushong, Supt., 159 Ohio St., 259, 111 N. E. (2d), 918. The manifest distinction between that and the instant case is that here the petitioner entered a plea of not guilty by reason of insanity while in the other case this was not done.
The petitioner’s final contention involves the constitutionality of Section 2945.40, Revised Code, supra. If it can be inferred from the journal entry that the question was raised and decided in the Court of Appeals, this court finds no error in the apparent conclusion that the statute is valid. See 32 A. L. R. (2d), 434, 441. No opinion was written by the Court of Appeals.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.